UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LOUIS ALMENGOR, an individual,

        Plaintiff,

vs.                               Case No.  3:11-cv-116-J-99MMH-MCR

THE CITY OF JACKSONVILLE, a Florida
municipal corporation,

        Defendant.
_____/

# O R D E R

**THIS CAUSE** is before the Court on Movants William R. Weakley and Kenneth

R. Martin's Motion to Intervene (Doc. 9) filed February 15, 2011.  On March 1, 2011,

Plaintiff Louis Almengor and Defendant the City of Jacksonville filed responses in

opposition to the Motion (Docs. 14, 15).  Accordingly, this matter is now ripe for judicial

determination.

## I.    BACKGROUND

On February 8, 2011, Plaintiff filed his Amended Complaint seeking damages for

Defendant's alleged wrongful destruction of Plaintiff's real property.[1]  (Doc. 2).  On

February 15, 2011, Movants filed the instant Motion to Intervene pursuant to Federal

Rule of Civil Procedure 24(a), claiming they had a mortgage interest on the real

---

[1]This action was removed from the Circuit Court, Fourth Judicial Circuit, in and for Duval County, Florida, to this Court. See (Doc. 1).

property and, if they can achieve a deficiency judgment against Plaintiff, they will recover a portion of Plaintiff's recovery.  (Doc. 9).

On March 1, 2011, Plaintiff and Defendant filed their responses in opposition to the instant Motion to Intervene.  (Docs. 14, 15).  Both parties point out that Movants have previously attempted to assert their rights directly against Defendant for wrongful destruction of property as mortgage lienors, but were unsuccessful.  See Weakley v. City of Jacksonville, Case No. 16-2008-CA-8580, Fourth Judicial Circuit, Duval County, FL.[2]  Therefore, according to the parties, Movants' current attempt to intervene is nothing more than an attempt to satisfy its potential deficiency judgment which has not yet been obtained.

## II.   ANALYSIS

Movant brought the instant Motion to Intervene pursuant to Federal Rule of Civil Procedure 24(a).  (Doc. 9).  Under Fed. R. Civ. P. 24(a), a party has a right to intervene if the applicant has a claim or interest in the case.  Rule 24 provides, in pertinent part:

> [u]pon timely application anyone shall be permitted to intervene in an action:
>
> (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

---

[2]Thst decision was affirmed on appeal.  See Weakley v. City of Jacksonville, 33 So. 3d 38 (Fla. 1st DCA 2010).

Fed. R. Civ. P. 24(a).  "In this circuit, a party seeking to intervene under Rule 24(a)(2) must show: (1) that the intervention application is timely; (2) that an interest exists relating to the property or transaction which is the subject of the action; (3) that disposition of the action, as a practical matter, may impede or impair the ability to protect that interest; and (4) the existing parties to the lawsuit inadequately represent the interests."  TIG Specialty Ins. Co. v. Financial Web.com, Inc., 208 F.R.D. 336, 337 (M.D. Fla. 2002) (quoting Federal Savings and Loan Ins. Corp. v. Falls Chase Special Taxing District, 983 F.2d 211, 215 (11th Cir. 1993)).  If each of these four requirements are met, the court must allow the party to intervene in the action.  TIG Specialty Ins. Co., 208 F.R.D. at 337.

## A.    Timeliness of the Motion to Intervene

Federal Rule of Civil Procedure 24(a) imposes a timeliness requirement on motions to intervene, however, unlike timing elements in some other Federal Rules, the actual time limits are not set out in the rule.  See Heaton v Monogram Credit Card Bank of Georgia, 297 F.3d 416 (5th Cir. 2002) (holding that timeliness is determined from all the circumstances).  Here, this case has just been removed to this Court and the case management scheduling conference required under Fed. R. Civ P. 26(f) has not yet taken place.  Therefore, the Motion to Intervene is considered as timely filed because the case is still in its early stages.

## B.    Whether the Intervenors have an Interest in the Case

The Supreme Court of the United States has defined "interest" under Rule 24 as

a "significantly protectable interest."  Danner Construction Company v. Hillsborough County, 2009 U.S. Dist. LEXIS 79488, 2009 WL 2525486, * 3 (M.D. Fla. August 17, 2009) (citing Donaldson v. U.S., 400 U.S. 517, 531, 91 S.Ct. 534, 27 L.Ed.2d 580 (1971)); TIG Specialty Ins. Co., 208 F.R.D. 336, 337-38 (M.D. Fla. 2002).  In determining the sufficiency of the interest, this Circuit requires that the intervenor "must be at least a real party in interest in the transaction which is the subject of the proceeding" and "must have a direct, substantial, legally protectable interest in the proceeding."  TIG Specialty Ins. Co., 208 F.R.D. at 337-338 (citing Worlds v. Dept. of Health and Rehabilitative Services, 929 F.2d 591, 594 (11th Cir.1991)).  Thus, a legally protectable interest is something more than an economic interest; rather, the law requires that "the interest be one which substantive law recognizes as belonging to or being owned by the applicant."  Mt. Hawley Insurance Company v. Sandy Lake Properties, Inc., 425 F. 3d 1308, 1311 (11th Cir. 2005).

Here, the Court is not satisfied that Movants have sufficiently "claim[ed] an interest relating to the property or transaction that is the subject of the action" under Rule 24(a)(2), Federal Rules of Civil Procedure.  Movant's right of action against Plaintiff in state court under the terms of the mortgage and note (and potential achievement of a deficiency judgment) is independent of and irrelevant to Plaintiff's right of action against Defendant for the alleged wrongful destruction of property now pending before this Court.  See e.g. Mt. Hawley Insurance Company, 425 F. 3d at 1311 (holding a claim for an economic interest is insufficient grounds to intervene); United States v. Alisal Water Corp., 370 F.3d 915 (9th Cir. 2004) (holding judgment creditor not

-4-

entitled to intervene in environmental enforcement action under Safe Drinking Water Act because its interest in prospective collectability of debt secured by the defendant's property was not sufficiently related to action).  Thus, Movants have not demonstrated a specific protectable interest in this action that would require intervention at this time.

### C.    Whether the Disposition of the Action will Impede or Impair the Intervenors Ability to Protect Their Interest

Because Movants have not demonstrated a specific protectable interest in this action that would require intervention, their interest is not at risk of being impeded or impaired.

### D.    Whether the Intervenors' Interest is being Adequately Protected by Existing Parties

Because Movants have not demonstrated a specific protectable interest in this action that would require intervention, whether their interest is being adequately protected is irrelevant.

## III.    CONCLUSION

In sum, the Court is not satisfied that the requirements of Federal Rule of Civil Procedure 24(a)(2) have been met at this time.  Accordingly, after due consideration, it is

**ORDERED:**

Intervenors' Motion to Intervene (Doc. 9) is **DENIED without prejudice.**

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this __8th__ day of

March, 2011.


_Monte C. Richardson_

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
Any Unrepresented Party