UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LOUIS ALMENGOR, an individual,

        Plaintiff,

vs.                                              Case No. 3:11-cv-116-J-37MCR

THE CITY OF JACKSONVILLE, a Florida
municipal corporation,

        Defendant.
_____/

## **O R D E R**

**THIS CAUSE** is before the Court on Movant's Renewed Motion to Intervene (Doc. 24) filed August 24, 2011.

**I.    BACKGROUND**

This action stems from the Defendant's demolition of a structure on Plaintiff's property. Plaintiff, Louis Almengor, asserts various causes of action against Defendant, the City of Jacksonville (the "City"), seeking damages for its destruction of Plaintiff's property.[1] (Doc. 2). Movant, William R. Weakley and Kenneth R. Martin, a Florida general partnership, is a successor in interest to the mortgage holder of the property.

On February 15, 2011, Movant filed its initial Motion to Intervene pursuant to Federal Rule of Civil Procedure 24(a). (Doc. 9). Movant asserts that should Plaintiff prevail, a portion of any award is due to Movant for the deficiency on its mortgage. (Id.).

---

[1]This action was removed from the Circuit Court, Fourth Judicial Circuit, in and for Duval County, Florida, to this Court. See (Doc. 1).

-1-

On March 8, 2011, this Court denied Movant's Motion without prejudice for failure to demonstrate a specific protectable interest.[2] (Doc. 16).

On August 24, 2011, Movant filed the instant renewed Motion to Intervene on the basis that it has since obtained a deficiency judgment against Plaintiff, changing its status from a *potential* judgment creditor to an *actual* judgment creditor. (Doc. 24). On August 24, 2011 and September 7, 2011, the parties filed their responses in opposition to the Motion (Docs. 26, 27). Accordingly, this matter is now ripe for judicial review.

## II.   ANALYSIS

Movant brought the instant Motion to Intervene pursuant to Federal Rule of Civil Procedure 24(a) and (b).[3] (Doc. 24)

---

[2] Specifically, the Court held that "Movant's right of action against Plaintiff in state court under the terms of the mortgage and note (and potential achievement of a deficiency judgment) is independent of and irrelevant to Plaintiff's right of action against Defendant for the alleged wrongful destruction of property now pending before this Court." (Doc. 16, p. 4).

[3] Federal Rules of Civil Procedure 24 provides in relevant part:

(a)  Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: ... (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

(b)  Permissive Intervention. Upon timely application anyone may be permitted to intervene in an action: ... (2) when an applicant's claim or defense and the main action have a question of law or fact in common. ... In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Fed. R. Civ. P. 24(a), (b).

### A. Intervention under Fed. R. Civ. P. 24(a)

"In this circuit, a party seeking to intervene under Rule 24(a)(2) must show: (1) that the intervention application is timely; (2) that an interest exists relating to the property or transaction which is the subject of the action; (3) that disposition of the action, as a practical matter, may impede or impair the ability to protect that interest; and (4) the existing parties to the lawsuit inadequately represent the interests." TIG Specialty Ins. Co. v. Financial Web.com, Inc., 208 F.R.D. 336, 337 (M.D. Fla. 2002) (quoting Federal Savings and Loan Ins. Corp. v. Falls Chase Special Taxing District, 983 F.2d 211, 215 (11th Cir. 1993)).  If each of these four requirements are met, the court must allow the party to intervene in the action.  TIG Specialty Ins. Co., 208 F.R.D. at 337.

First, the Court notes that Movant's Renewed Motion to Intervene is timely. Federal Rule of Civil Procedure 24(a) imposes a timeliness requirement on motions to intervene, however, unlike timing elements in some other Federal Rules, the actual time limits are not set out in the rule.  See Heaton v. Monogram Credit Card Bank of Georgia, 297 F.3d 416 (5th Cir. 2002) (holding that timeliness is determined from all the circumstances).  Here, the deficiency judgment was just entered and allowing intervention will not disrupt the deadlines imposed in the Case Management and Scheduling Order (Doc. 23).  Therefore, the instant Motion to Intervene is considered timely.

Next, "[u]nder Rule 24(a)(2), a party is entitled to intervention as a matter of right if the party's interest in the subject matter of the litigation is direct, substantial and

legally protectable." Georgia v. United States Army Corps of Eng'rs, 302 F.3d 1242, 1249 (11th Cir. 2002). "The proposed intervenor must show that it has an interest in the subject matter of the suit, that its ability to protect that interest may be impaired by the disposition of the suit, and that existing parties in the suit cannot adequately protect that interest." Id. at 1250. "A legally protectable interest is something more than an economic interest; rather, the law requires that "the interest be one which substantive law recognizes as belonging to or being owned by the applicant." Mt. Hawley Insurance Company v. Sandy Lake Properties, Inc., 425 F. 3d 1308, 1311 (11th Cir. 2005).

The federal case law is uniform in denying the intervention efforts of judgment creditors, even where real property is the subject of the action and the judgment creditor has a direct interest in that real property. See e.g. United States v. Alisal Water Corp., 370 F.3d 915 (9th Cir. 2004) (judgment creditor not entitled to intervene in environmental enforcement action under Safe Drinking Water Act because its interest in prospective collectability of debt secured by defendant's property was not sufficiently related to action).

The interests at issue in this action – Plaintiff's personal claims for recovery against Defendant for wrongful destruction of property – do not involve Movant, its former mortgage interest in the property, or its status as a judgment creditor.[4]

---

[4] Movant's right to a share of an award, if any, should be decided not in this action but at a later supplemental proceeding only after the Court determines whether there was a "taking" under Florida law. Movant's obtaining a deficiency judgment does not give it the standing needed to intervene unless and until there is a judgment against the City for damages.

Case 3:11-cv-00116-RBD-MCR Document 28 Filed 09/15/11 Page 5 of 6 PageID 237

Therefore, Movant possesses no significant protectable interest in this litigation and fails to meet the requirements for intervention under Federal Rule of Civil Procedure 24(a).

### B. Intervention under Fed. R. Civ. P. 24(b)

Pursuant to Federal Rule of Civil Procedure 24(b), permissive intervention should be allowed if the movant "has a claim ... that shares with the main action a common question of law or fact," and that allowing intervention will not unduly delay or prejudice the adjudication of the original parties' rights. Fed. R. Civ. P. 24(b). Here, Movant argues that " if [it] has an independent claim against [Defendant], ... the same questions of law and fact apply." (Doc. 24, p. 5). However, the Florida Circuit Court previously dismissed Movant's independent action filed against Defendant for inverse condemnation for lack of standing, concluding that a mortgage holder of property has only a lien interest and not an ownership interest under Florida's eminent domain law. See Weakley v. City of Jacksonville, Case No. 16-2008-CA-8580, Fourth Judicial Circuit, Duval County, FL.[5] Additionally, Movant's potential entitlement to a portion of any sum which may become payable to Plaintiff on his claim does not "share[] with the main action a common question of law or fact." See Fed. R. Civ. P. 24(b). Therefore, Movant fails to meet the requirements for intervention under Federal Rule of Civil Procedure 24(b).

## III. CONCLUSION

Accordingly, after due consideration, it is

---

[5] The decision was affirmed on appeal. See Weakley v. City of Jacksonville, 33 So. 3d 38 (Fla. 1st DCA 2010).

**ORDERED:**

Movant's Renewed Motion to Intervene (Doc. 24) is **DENIED.**

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  15th  day of September, 2011.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record